## CROMMER et al. v. DICKMANN, Sheriff.

### In Banc, February 24, 1904.

**HABEAS CORPUS:** Contempt in Injunction. If the circuit court which committed petitioner for contempt for disobeying an injunction had jurisdiction to make the injunction order, then the contemnors can not be discharged on habeas corpus.

Habeas Corpus.

PETITIONERS REMANDED TO CUSTODY OF SHERIFF.

*M. R. Smith, W. S. Anthony* and *O. L. Munger* for petitioners.

(1) From the face of the pleadings in the main case, the question as to whether the Crommers had title to the land sold the lumber company and conveyed by its deed of trust back to them, is directly involved; and the admission made by the lumber company, first, in its motion for a rule against the Crommers for contempt, "that the notes and deed of trust . . . were sought to be cancelled and declared void after having been procured by fraud and without consideration," and, second, the admission made in the return of Sheriff Dickmann to the writ of habeas corpus that the lumber company "as part of the relief prayed by it, asked for the cancellation of said notes and deed of trust," are sufficient to show that title was in issue and to be tried. R. S. 1899, sec. 564; Vogelsmeier v. Prendergast, 137 Mo. 286; Bray v. Marshall, 66 Mo. 122; Parlin, etc., Co. v. Hord, 145 Mo. 119; Overton v. Overton, 131 Mo. 559; Vandergrif v. Brock, 158 Mo. 686; Eubank v. Finnell, 73 S. W. 354. (2) The court making the order, that has been disobeyed, must have jurisdiction to make it, and whether the court had jurisdiction may be inquired into by the

writ of habeas corpus. State ex rel. v. Wear, 135 Mo. 265. In re Sawyer, 124 U. S. 222; Church on Habeas Corpus (2 Ed.), pp. 105-111; Ex parte O'Brien, 127 Mo. 477. (3) The writ of habeas corpus will issue to discharge any person from unlawful imprisonment, and is therefore the proper remedy for petitioners to pursue. R. S. 1899, secs. 3545 and 3578; Ex parte Arnold, 128 Mo. 272; Ex parte Craig, 130 Mo. 590; Ex parte Neet, 157 Mo. 537. (4) The circuit court conceded that the appeal with the ordinary appeal bond would not revive the dissolved temporary restraining order and continue it in force during the life of the appeal. Recognizing this omission or hiatus in the law of Missouri, he undertook to remedy it by the use of his prerogative power as a chancellor, and in the exercise of that plenary power, he called back to life the dead temporary order and sent it on rejoicing in its new life, to prohibit petitioners from in any way collecting their notes. Pomeroy's Equ. Jurisp. (1 Ed.), secs. 32, 33, 34, 35 and 43; Marsh's History of the Court of Chancery, pp. 30 and 32. The appeal itself, with bond, would not revive the dissolved writ with bill dismissed. Graham v. Conway, 82 Mo. App. 647; Neiser v. Thomas, 46 Mo. App. 48; State ex rel. v. Dillon, 96 Mo. 56; Hovey v. McDonald, 109 U. S. 150; Knox v. Harshman, 132 U. S. 14; Hoyt v. Gelston, 13 Johns. (N. Y.) 139; Hart v. Albany, 3 Paige (N. Y.) 381. The circuit court had no power to amend its original decree so as to reinstate the temporary writ, and continue it in force during the appeal. Pocontico, etc., Co. v. Low, 21 Misc. N. Y. Rep. 174; Fellows v. Heermans, 13 Abb. Prac. (N. S.) 9; Spears v. Mathews, 66 N. Y. 127; Colwell v. Bank, 4 N. Y. Supp. 6; People v. Bowe, 81 N. Y. 45; Dusenbury v. Keily, 85 N. Y. 388; Mills v. Parkhurst, 5 N. Y. Supp. 731; Powers v. Chabot, Executor, 93 Cal. 266; Brown on Jurisdiction of Courts, sec. 21a; 2 Ency. Pl. and Pr., p. 326, note 1; 2 Cyc. Law and Proced., p. 891. What power has this court to render judgment against the

sureties on the bond of $14,000? To force collection, a new suit would be required even if bond is sufficient. (5) The bond tendered by the lumber company and taken by the court for the benefit of the Crommers, against which they protested (petitioners in this proceeding) in the sum of $14,000 has no place in our system of judicature, and, without legislation authorizing it, is an exotic, and has never before been thought necessary to preserve the rights of any litigant. 2 Cyc. Law and Pract., p. 926, note 55; Brewing Co. v. Talbot, 135 Mo. 172; Perteet v. People, 70 Ill. 171; Dulin v. Pacific Wood, etc., Co., 98 Cal. 306; Williams v. Bruffy, 102 U. S. 249; 20 Ency. Pl. and Pr., p. 1237, par. 3; Levy v. Goldberg, 40 Wis. 308; Hill v. Finningan, 54 Cal. 494; Davis v. Tarwater, 13 Ark. 52; Janesville v. Janesville Water Co., 89 Wis. 159; 2 Cyc. Law and Pract., p. 887, note 76, p. 895, note 8, page 897, note 14. A condition not required by statute is void. Omaha Hotel Co. v. Kountz, 107 U. S. 378; Derington v. Conrad, 7 Kan. App. 295. (6) There is no authority by statute in Missouri for the stay bond given by the lumber company to protect petitioners, and the court had no inherent power to require the bond, and his permitting it to be made just because it was wont to be given, can not make it effectual. R. S. 1899, secs. 809, 849 and 850; Am. Brewing Co. v. Talbot, 125 Mo. 391; Railroad v. Atkinson, 17 Mo. App. 494; Finkelnburg's Missouri Appellate Pract., pp. 60 and 76; State ex rel. v. Woodson, 128 Mo. 517; Rubelman Hard. Co. v. Greve, 18 Mo. App. 6.

*Johnson, Houts, Marlatt & Hawes, Robert A. Holland, Jr.,* and *Johnson, Rusk & Stringfellow* for respondent.

(1) Courts of equity have power to punish parties in contempt of their judgments and decrees. R. S. 1899, secs. 1616, 3643; State ex rel. v. Dillon, 96 Mo. 56; Ex

parte Shepherd, 177 Mo. 205; 7 Am. and Eng. Ency. Law, 30.    (2)   The only question of jurisdiction in this case is involved in the claim made by the petitioners that the trial court in the St. Louis case exceeded its power in ordering that the injunction be continued in force pending appeal after finding the issues of the petition in favor of the defendants.   It will doubtless be conceded that the St. Louis court had jurisdiction over the persons of the defendants in that action and over the subject-matter thereof.   Therefore, even if it could be successfully shown that the trial court erred in making the order complained of, this would be a matter of error to be raised on appeal, and not a question of jurisdiction.    State ex rel. v. McKee, 150 Mo. 241; Davis v. Packard, 10 Wend. 71; Ex parte Kearney, 7 Wheat. 40; Williamson's Case, 26 Pa. St. 9; Ex parte Kellogg, 6 Vt. 509; State v. Towle, 4 N. H. 541; Ex parte Millett, 37 Mo. App. 76; In re Coggshall, 75 S. W. 183.    (3)   The trial court, notwithstanding it found that there was no equity in the bill, had the undoubted power by its decree to preserve the *status quo* pending the appeal in order that irremediable injury might not be inflicted upon the plaintiff.   It having been shown that the Crommers were insolvent, to leave them free to enforce the collection of the notes, the cancellation of which was an important part of the relief sought in plaintiff's bill, would operate as a practical denial of plaintiff's right to an appeal.   In making the order continuing the injunction pending the appeal, the trial court was not only acting within its clear legal right, but was exercising a sound discretion, and any other action on its part would have been oppressive.   The following authorities sustain the action of the trial court in continuing the injunction and in requiring the plaintiff to give the $14,000 bond. Hovey v. McDonald, 109 U. S. 161; Leonard v. Ozark Land Co., 115 U. S. 465; Reynolds v. Iron Silver Mine Co., 33 Fed. 353; Knox County v. Hershman, 132 U. S. 14; Eureka Hill Mining Co., 12 Pac. 660; Ex parte

Planters, etc., 50 Ala. 390; McMichael v. Eckman, 26 Fla. 43; Neiser v. Thomas, 46 Mo. App. 52; State ex rel. v. Dillon, 96 Mo. 56. It would operate as denial of justice in this case to hold the order of trial judge continuing the injunction in force pending appeal void.

BRACE, J.—The petitioners, in the custody of the respondent sheriff, under a commitment of the St. Louis City Circuit Court for contempt in disobeying the injunction contained in the decree of that court in the case of State ex rel. South Missouri Pine Lumber Company v. William Crommer et al., from which an appeal was taken to this court, sued out a writ of habeas corpus from this court to obtain their discharge from such custody, the grounds alleged for such discharge being that the injunction contained in said decree was null and void for want of jurisdiction in said circuit court to allow it. In the opinion handed down to-day in State ex rel. South Missouri Pine Lumber Co. v. Dearing, reported at page 53 of this volume, the jurisdiction of the St. Louis City Circuit Court to make the injunctive order contained in the decree aforesaid is sustained, and the ruling in that case disposes of the issues in this, adversely to the petitioners; hence, nothing remains to be done herein except to remand the petitioners to the custody of the respondent sheriff, and it is accordingly so ordered. All concur, except *Burgess, J.,* absent.